UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSETTS

MICHAEL ATKIN and JUDITH ATKIN

      Plaintiffs,

v.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,

      Defendant.

Civil Action No.: 04 – 30106 - KPN

## ANSWER OF DEFENDANT TO PLAINTIFFS' COMPLAINT

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), hereby answers the allegations contained in the Complaint of Michael Atkin and Judith Atkin (hereinafter, collectively, "Plaintiffs") as follows:

### INTRODUCTION

1. This paragraph purports to summarize Plaintiffs' allegations in this case and therefore, no response is required. To the extent this paragraph requires a response, Liberty Life admits so much of this paragraph as alleges that Mr. Atkin was a covered employee under a group insurance policy with policy number SA3-811-251842-01, which is part of an ERISA welfare benefit plan. Liberty Life denies the remaining allegations in paragraph 1 of the Complaint.

### PARTIES

2. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of paragraph 2. With regard to sentences two and three of this paragraph, those sentences state conclusions of law to which no response is required. To the

extent that a response is required to those sentences, Liberty Life admits so much of sentence two as alleges that Mr. Atkin was a covered employee under a group insurance policy with policy number SA3-811-251842-01, and denies the remaining allegations in those sentences.

3. Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in sentence one of paragraph 2. With regard to sentences two and three of paragraph 2, these sentences state conclusions of law to which no response is required. To the extent that a response is required to those sentences, Liberty Life denies the allegations therein.

4. Liberty Life admits the allegations in paragraph 4 of the Complaint

## JURISDICTION

5. Paragraph 5 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

## FACTS

**Plan**

6. Liberty Life admits so much of this paragraph as alleges that a group insurance policy was issued to Winstar Communication, Inc. with Policy Number SA3-811-251842-01, and that the policy was effective as of January 1, 1997. In further responding, Liberty Life denies the remaining allegations in this paragraph.

7. Liberty Life denies the allegations in paragraph 7.

8. Liberty Life admits that the group disability policy includes a section entitled "Waiver of Premium For Total Disability," and that the policy speaks for itself. Liberty Life denies any mischaracterization that Plaintiffs make of that document.

**Mr. Atkin's Total Disability**

9. Liberty Life denies the allegation in paragraph 9, except states that the medical records relating to Mr. Atkin's treatment and the claims file of which they are a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

10. Liberty Life states that the medical records relating to Mr. Atkin's treatment and the claims file of which they are a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

11. Liberty Life states that the medical records relating to Mr. Atkin's treatment and the claims file of which they are part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

12. Liberty Life states that the medical records relating to Mr. Atkin's treatment and the claims file of which they are part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

13. Liberty Life states that the information contained in the documents that constitute the claims file for Mr. Atkin's claim speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

14. Liberty Life admits, upon information and belief, the allegations in paragraph 14.

**Liberty's Application Of The Waiver Of Premium Benefits**

15. Liberty Life states that the records regarding Mr. Atkin's claim for benefits and the claims file of which they are part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

16. Liberty Life admits that it received an Attending Physician's Statement relating to Mr. Atkin's claim and that that document and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

17. Liberty Life admits that it sent a letter to Mr. Atkin dated May 15, 1998, and that that letter and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

18. Liberty Life admits that it sent a letter to Mr. Atkin dated May 15, 1998, and that that letter and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

19. Liberty Life denies the allegations in paragraph 19.

20. Liberty Life admits that it conducted reviews of Mr. Atkin's claim, that Dr. Chester Conrad performed a review of Mr. Atkin's claims file, and that the records created as part of those reviews and the claims file of which they are a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

21. Liberty Life admits so much of this paragraph as alleges that Liberty Life approved the continuation of the waiver of premium benefit to Mr. Atkin until January 8, 2004, and denies any remaining allegations in this paragraph.

22. Liberty Life admits that it received an Attending Physician's Statement by Dr. Shnider that is dated September 11, 2002, and that that document and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

23. Liberty Life admits that it received an Attending Physician's Statement by Dr. Shnider that is dated July 23, 2003, and that that document and the claims file of which it is a

part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

24. Liberty Life admits that it received a letter from Dr. Shnider dated July 23, 2003, and that that document and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

25. Liberty Life admits that it received an Attending Physician's Statement by Dr. Shnider that is dated July 23, 2003, and that that document and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

26. Liberty Life admits that it received a Physical Capacities Form for Mr. Atkin, and that that document and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

27. Liberty Life denies the allegations in paragraph 27.

28. Liberty Life denies the allegations in paragraph 28.

**Liberty's Termination of the Waiver of Premium Benefit**

29. Liberty Life admits that it sent a letter to Mr. Atkin on January 8, 2004, and that that letter and claims file of which it is a part speaks for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

30. Liberty Life admits that it sent a letter to Mr. Atkin on January 8, 2004, and that that letter and claims file of which it is a part speaks for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

31. Liberty Life admits that it received a letter from Mr. Atkin dated January 15, 2004, and that that document and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

32. Liberty Life admits that it received a letter from Dr. Schneider dated January 15, 2004, and that document and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

33. Liberty Life denies the allegations in paragraph 33.

34. Liberty Life admits the allegations in paragraph 34.

35. Liberty Life admits that it sent a letter to Mr. Atkin dated February 13, 2004, and that that document and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

36. Liberty Life admits so much of this paragraph as alleges that Mr. Atkin was found to be no longer eligible for the waiver of premium benefit. Liberty Life denies the remaining allegations in this paragraph.

37. Liberty Life admits that Mr. Atkin was found to be no longer eligible for the waiver of premium benefit, that it sent a letter to Mr. Atkin dated February 13, 2004, and that that document and the claims file of which it is a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

38. Liberty Life admits so much of this paragraph as alleges that Mr. Atkin was found to be no longer eligible for the waiver of premium benefit. Liberty Life denies the remaining allegations in this paragraph.

39. Liberty Life admits so much of this paragraph as alleges that Mr. Atkin was found to be no longer eligible for the waiver of premium benefit and that it did not have a medical

examination of Mr. Atkin performed. Liberty Life denies the remaining allegations in this paragraph.

40. Liberty Life admits so much of this paragraph as alleges that Mr. Atkin was found to be no longer eligible for the waiver of premium benefit, and denies the remaining allegations in this paragraph.

41. Liberty Life admits so much of this paragraph as alleges that Mr. Atkin was found to be no longer eligible for the waiver of premium benefit, and denies the remaining allegations in this paragraph.

42. Liberty Life denies the allegations in paragraph 42.

43. Liberty Life denies the allegations in paragraph 43.

44. Liberty Life denies the allegations in paragraph 44.

## COUNT I

### (Enforcement of Plan)

45. Liberty Life restates and incorporates by reference herein its responses to paragraphs 1 - 44 above.

46. Liberty Life denies the allegations in paragraph 46.

## COUNT II

### (Equitable Estoppel)

47. Liberty Life restates and incorporates by reference herein its responses to paragraphs 1 – 46 above.

48. Liberty Life states that the documents relating to Plaintiff's claim and the claims file of which they are a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

49. Liberty Life denies the allegations in paragraph 49.

50. Liberty Life admits so much of this paragraph as alleges that Mr. Atkin received the waiver premium benefit until January 8, 2004. Liberty Life denies the remaining allegations in this paragraph.

51. Liberty Life states that the documents relating to its review of Mr. Atkin's claim and the claims file of which they are a part speak for themselves. Liberty Life denies any mischaracterization that Plaintiffs make of those documents.

52. Liberty Life denies the allegations in paragraph 52.

53. Liberty Life denies the allegations in paragraph 53.

54. Liberty Life denies the allegations in paragraph 54.

## COUNT III

### (Recovery of Attorneys Fees and Costs)

55. Liberty Life restates and incorporates by reference herein its responses to paragraphs 1–54 above.

56. Liberty Life denies the allegations in paragraph 56.

57. Liberty Life admits the allegations in paragraph 57.

58. Liberty Life denies the allegations in paragraph 58.

59. Liberty Life denies the allegations in paragraph 59.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust their administrative remedies and/or internal appeals procedures.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiffs to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees on the claims they have alleged.

### SIXTH AFFIRMATIVE DEFENSE

Liberty Life has acted, at all times, in good faith, reasonably and justifiably.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by the Employee Retirement Income Security Act, 29 U.S.C. §1001 et. seq.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a trial by jury in any and all claims brought under ERISA.

9

## NINTH AFFIRMATIVE DEFENSE

Liberty Life reserves the right to add such other affirmative defenses as may become apparent as a result of further proceedings in this matter.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment be entered on its behalf on all counts;

3. It be awarded its costs and attorney's fees; and

4. The Court award such other and further relief as may be just and proper.

>Respectfully submitted,
>
>LIBERTY LIFE ASSURANCE COMPANY
>OF BOSTON,
>
>By its attorneys,
>
>/s/Andrew C. Pickett
>Andrew C. Pickett (BBO#549872)
>Richard W. Paterniti (BBO#645170)
>JACKSON LEWIS LLP
>75 Park Plaza
>Boston, Massachusetts 02116
>(617) 367-0025

Dated: