UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL ATKIN and JUDITH ATKIN,  )
                 Plaintiffs  )
                               )
                               )
     v.                             )     Civil Action No. 04-30106-KPN
                               )
                               )
LIBERTY LIFE ASSURANCE  )
COMPANY OF BOSTON,  )
                 Defendant  )

ORDER REGULATING PROCEEDINGS
(JUDICIAL REVIEW OF OUT-OF-COURT
NONGOVERNMENTAL DECISIONS)
September 13, 2004

NEIMAN, U.S.M.J.

    This case involves judicial review of an out-of-court decision of a nongovernmental decision-maker.  That decision concerned a claim for a waiver of premiums under an employee benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  Michael Atkin and Judith Atkin ("Plaintiffs") have invoked 29 U.S.C. § 1132 under which a civil action may be brought by a participant or beneficiary to enforce rights under the terms of a plan.

A. <u>The Record for Judicial Review</u>

    Ordinarily the focal point of a court's judicial review of an out-of-court decision is the record on which that decision was made.  *Recupero v. New England Tel. & Tel. Co.*, 118 F.3d 820, 833-34 (1st Cir. 1997).  *Cf. Sierra Club v. Marsh*, 976 F.2d 763, 769 (1st Cir. 1992) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402

(1971) with respect to judicial review of governmental decisionmaking on an "administrative record"). If the out-of-court decision was properly made, the record for judicial review is ordinarily available to one or more of the parties before the court.

Liberty Life Assurance Company of Boston ("Defendant") shall provide a copy of the proposed record for judicial review to Plaintiffs by October 15, 2004. If Plaintiffs claim that the record is incomplete or inaccurate in any way, they shall so notify Defendant by October 29, 2004. If no such notice is provided, then Defendant shall immediately file with the court each of the documents served on Plaintiffs entitled "Agreed Record for Judicial Review." If Plaintiffs do provide such notice to Defendant by October 29, 2004, the parties must confer by November 15, 2004, and attempt to ascertain an agreed record. If the parties come to an agreement, they are to promptly file an "Agreed Record for Judicial Review."

If the parties cannot agree upon the record, they shall file by November 30, 2004, a document entitled "Partial Record for Judicial Review" which contains the particular record upon which the parties agree. Then, by December 15, 2004, the parties shall file motions concerning any additional material they seek to have added to the record for judicial review, to which oppositions shall be filed by January 14, 2005.

B. <u>Scope of the Court's Review</u>

By November 15, 2004, the parties shall confer regarding the applicable scope of judicial review. If the parties disagree about the scope of the court's review, each party shall file with the court a memorandum of no more than seven pages double-spaced by November 30, 2004.

C. <u>Proposed Discovery About the Record or for Other Purposes</u>

If any party proposes that it is entitled to any further discovery or disclosure for the purpose of obtaining access to evidence that it might offer, at trial or in some other way, to supplement the record, it must file with the court by December 15, 2004, a submission showing cause for being allowed such discovery, to which an opposition shall be filed by January 14, 2005.  Such submission shall be in the form of a memorandum of law of no more than five pages double spaced.  The court expects the memorandum to address with a significant degree of particularity what discovery or disclosure is sought and why reason exists to expect that the discovery would be properly received to constitute or supplement the record, or for some other purpose, and how the proffered evidence would be material to the disposition of this action.

D.  <u>Schedule</u>

The court hereby schedules a conference for February 2, 2005, at 10:00 a.m. in Courtroom III, at which time the parties' motions and responses to the instant order will be addressed.  If the parties agree upon the record and the scope of review, and if neither party seeks further discovery, the conference is hereby cancelled and the parties shall abide by the following schedule:

i.  Defendant shall file its motion for summary judgment by February 2, 2005.

ii.  Plaintiffs shall file their opposition and cross motion for summary judgment by February 25, 2005, to which Defendant shall respond by March 11, 2005.

IT IS SO ORDERED.

DATED:  September 13, 2004

      /s/ Kenneth P. Neiman

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge